IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| HIGHLANDS DEVELOPMENT, LLC, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 23-00340-CV-W-WBG |
| | ) | |
| AMK MANAGEMENT REALTY CORP, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

Pending are AMK Management Realty Corp.'s[1] Motion to Dismiss Count III of Highlands Development LLC's Complaint (Doc. 9) and Highlands's Motion to Dismiss AMK's Counterclaims (Doc. 12). For the following reasons, the Court **DENIES** both motions.

### I. BACKGROUND[2]

On February 6, 2023, Highlands agreed to sell real property to AMK for $4,175,000.00. Doc. 1 at 2; Doc. 1-2 at 2.[3] The real property, which is located at 5100 East 24th Street in Kansas City, Missouri, includes approximately 17,500 square feet of rentable area leased by the United States Department of Veteran Affairs. Doc. 1-2 at 2. Pursuant to the parties' contract, AMK deposited $100,000.00 with Universal Abstract (hereinafter "Universal"), which was the escrow

---

[1] Highlands Development LLC is both the Plaintiff and the Counterclaim Defendant in this matter, while AMK Management Realty Corp. is both the Defendant and Counterclaim Plaintiff. For ease of understanding in this Order, the Court refers to Highlands Development LLC as "Highlands" and AMK Management Realty Corp. as "AMK."

[2] Highlands's Complaint (Doc. 1), including exhibits attached thereto, provide the factual information in this section. At this stage, Highlands's allegations must be accepted as true and viewed in the light most favorable to them. *See infra*, section II. Further, AMK's allegations in its Counterclaim must be accepted as true regarding Highlands's motion to dismiss.

[3] The Court cites to the pagination autogenerated and applied by CM/ECF to filings. Accordingly, the pagination applied by the parties may differ.

agent. Doc. 1 at 2; Doc. 1-2 at 3.[4] The contract permitted AMK to inspect the property within thirty days of February 6, 2023. Doc. 1-2 at 2, 7. If AMK decided it was unsatisfied with the property during the inspection period, it had the option to terminate the agreement via written notice to Highlands, and AMK's deposit would be returned. *Id*. at 7.

The parties also agreed to a financing contingency period. *Id*. During the 55 days following February 6, 2023, AMK agreed to obtain financing to purchase the real property. *Id*. If, despite good faith and diligent efforts, AMK was unable to obtain financing before the period expired, AMK could terminate the agreement by notifying Highlands in writing before the financing period concluded, and its deposit would be returned. *Id*.

The contract provided that any tenant improvements Highlands was obligated to complete had "been completed and accepted by" the tenant. Doc. 1-2 at 4. The contract also stated that "[a]ny repairs or alterations or equipment to be furnished, pursuant to the terms of any Lease" would be completed or supplied by Highlands at its cost. *Id*. at 5. According to the contract, if AMK failed to consummate the purchase, Highlands informed AMK of its default, and AMK failed to cure the default within five days after the notice, Highlands could terminate the contract, and the escrow agent would deliver the deposit to Highlands. *Id*. at 12. The contract also provided that if Highlands defaulted, AMK informed Highlands of the default, and Highlands failed to cure the default within five days, AMK could terminate the agreement and recover its deposit, or it

---

[4] The Court is permitted to consider the contract and other documents embraced by Highlands's Complaint and AMK's Counterclaim. *See infra*, section II.

2

could demand specific performance. Doc. 1-2 at 13. Initially, the parties agreed the sale would close on April 12, 2023. Doc. 1 at 3; Doc. 1-2 at 9.[5]

On April 11, 2023,[6] the parties executed an amendment to their initial contract. Doc. 1 at 3; Doc. 1-3. Pursuant to the amendment, the closing date was extended to April 20, 2023. Doc. 1-3 at 2. AMK agreed in the amendment that "the Inspection Period has terminated along with [AMK]'s right to terminate the Agreement in connection with the Inspection Period." *Id.* AMK also acknowledged "the Deposit is non-refundable." *Id.*

On April 21, 2023, Highlands sent a Notice of Default to AMK and Universal. Doc. 1 at 4; Doc. 1-4 at 2. The notice informed AMK that it must cure the default within five (5) days of the date of the notice. Doc. 1 at 4; Doc. 1-4 at 2. On May 2, 2023, Highlands sent another letter to AMK terminating the contract because AMK failed to cure the default. Doc. 1 at 4; Doc. 1-5. The letter also directed Universal to release the deposit to Highlands. Doc. 1 at 4; Doc. 1-5 at 3.

On May 3, 2023, AMK sent a letter to Highlands and Universal setting forth breaches of the contract and amendment thereto by Highlands. Doc. 8 at 10; Doc. 1-6 at 3. The letter also demanded Universal release the deposit to AMK. Doc. 8 at 10; Doc. 1-6 at 3. Universal has not released the deposit to either party. Doc. 1 at 4; Doc. 8 at 10.

On May 19, 2023, Highlands filed this lawsuit against AMK alleging breach of contract (Count I), tortious interference with business expectancy (Count II), and fraudulent misrepresentation (Count III). Doc. 1. On July 28, 2023, AMK moved to dismiss Count III of

---

[5] Per the agreement, the closing "shall take place on the date that is ten (10) days following expiration of the Financing Contingency Period as described and defined in Section 4 (the "**Closing Date**")." Doc. 1-2 at 9 (emphasis in original). Highlands alleges the initial closing date was April 12, 2023. Doc. 1 at 2. At this juncture, the Court must assume the allegations in the Complaint are true with regard to AMK's motion to dismiss. *See Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). Further, AMK's counterclaim does not allege a different initial closing date. Accordingly, the Court uses April 12, 2023 as the initial closing date in analyzing both motions to dismiss.

[6] Although the parties executed the amendment on April 14, 2023, they agreed the amendment's effective date was April 11, 2023. Doc. 1-3 at 2, 4. To avoid confusion, the Court utilizes the effective date.

3

Highlands's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Docs. 9-10. Contemporaneously, AMK filed two counterclaims against Highlands: breach of contract (Count I), and breach of implied duties of good faith and fair dealing (Count II). Doc. 8 at 8-13. On August 11, 2023, Highlands moved to dismiss AMK's counterclaims. Doc. 13. Both parties filed their respective suggestions in opposition and replies to the pending motions. Docs. 15, 22-23, 25.

## II. STANDARD

To state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Rule 8 pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The pleading standard is not satisfied when a pleading contains mere "labels and conclusions," "formulaic recitation of the elements" of a claim, or "naked assertion[s]" lacking "further factual enhancement." *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

To survive a motion to dismiss for failure to state a claim, the complaint must contain sufficient factual matter that, when accepted as true, makes relief plausible on its face. *Iqbal*, 556 U.S. at 678. "The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits [of the claim] is more than a 'sheer possibility.'" *Knowles v. TD Ameritrade Holding Corp.*, 2 F.4th 751, 757 (8th Cir. 2021) (quoting *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." *Id.* at 757 (quoting *Braden*, 588 F.3d at 594).

4

Generally, courts may not consider matters outside of the pleading when ruling on a Rule 12 motion to dismiss. *See Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012). Courts may, however, consider documents necessarily embraced by the complaint. *Id.* For example, a court may consider contracts upon which a claim rests as they are "evidently embraced by the pleadings." *Gorog v. Best Buy Co.*, 760 F.3d 787, 791 (8th Cir. 2014). Further, a court may consider "documents whose contents are alleged in [the] complaint and whose authenticity no party questions." *Ashanti*, 666 F.3d at 1151; *see also Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002) (recognizing the district court properly considered a franchise agreement and other documents attached as exhibits to the complaint).

Several tenets apply when considering a motion to dismiss. First, a court must accept all factual allegations made in the complaint as true. *Braden*, 588 F.3d at 594. Second, "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Id*. Third, all inferences are to be considered in the light most favorable to the non-moving party. *Id*. at 595 (observing "*Twombly* and *Iqbal* did not change this fundamental tenet of Rule 12(b)(6) practice."). Fourth, at the pleading stage, there is no requirement for direct evidence, and factual allegations may be circumstantial. *McDonough v. Anoka Cnty.*, 799 F.3d 931, 945 (8th Cir. 2015). Finally, evaluating a complaint is context specific, and a court must "draw on its judicial experience and common sense" when considering a motion to dismiss. *Braden*, 588 F.3d at 594 (quoting *Iqbal*, 556 U.S. at 679).

### III. DISCUSSION

#### A. AMK's Motion to Dismiss

AMK contends Highlands failed to sufficiently plead the elements of fraud, and therefore, Highlands's fraudulent misrepresentation claim should be dismissed. Docs. 9-10. To establish a

prima facie case of fraudulent misrepresentation, a claimant must show (1) a false, material representation or statement; (2) the speaker's knowledge of such falsity or ignorance of the truth; (3) the speaker's intent that the statement be acted upon by the hearer in a manner reasonably contemplated; (4) the hearer's ignorance of the falsity of the statement; (5) the hearer's reliance on the statement, (6) the hearer's right to rely on the statement; and (7) injury to the hearer as a result of relying on the representation. *See Dueker v. Gill*, 175 S.W.3d 662, 667 (Mo. Ct. App. 2005).[7] AMK's motion to dismiss focuses on Highlands's failure to sufficiently plead Highlands was ignorant of the falsity of the statement, relied on the false statement, and was injured as a result of its reliance. Doc. 10 at 3-4. Accordingly, the Court focuses its analysis on the issues raised in AMK's motion.[8]

In the Complaint, Highlands alleges AMK made false statements to both Highlands and Universal. Doc. 1 at 5-7. It maintains AMK intended Universal to rely on the false statements, and Universal actually relied on the false statements. *Id*. at 5-7. It also alleges that in reliance on AMK's false statements, Universal refused to release the deposit to Highlands. *Id*. As a result, Highlands has been injured. *Id*.

The parties disagree as to whether Highlands, which apparently did not rely on AMK's allegedly false statements, may bring a claim of fraudulent misrepresentation against AMK

---

[7] The parties rely on Missouri law in their briefs, contract, and amendment to the contract. Doc. 1-2 at 15; Doc. 1-3 at 3; Docs. 10, 15. No party maintains another jurisdiction's laws apply. Thus, the Court applies Missouri law when addressing the substance of the parties' state law claims.

[8] In the motion to dismiss, AMK merely mentions Highlands failed to plead materiality. Doc. 10 at 4-5. AMK fails to provide any analysis in support of this contention. *See id*. Although the Court is not obligated to consider arguments for which a party provides no analysis or authority, the Court notes Highlands's Complaint alleges AMK made false statements in its May 3, 2023 letter to Highlands and Universal. Doc. 1 at 7. The Complaint further alleges Universal, in reliance on the false statements, refused to release the deposit to Highlands. *Id*. Further, the Complaint avers AMK has not cooperated in the release of said deposit. *Id*. at 4. When evaluating the Complaint and viewing all factual allegations in the light most favorable to Highlands, the Court finds Highlands sufficiently pleaded the materiality element of fraudulent misrepresentation.

because Universal, as the escrow agent, relied on the allegedly false statements when it refused to release the deposit to Highlands.  Doc. 10 at 2-3; Doc. 15 at 2-3.  In support of its argument that Highlands has not properly pleaded this type of claim, AMK relies on a state court order granting a defendant's motion to dismiss a pro se plaintiff's lawsuit.  Judgment and Order Granting Defendants' Motion to Dismiss, *Guglielmino v. Alemifar*, No. 1416-CV02224 (Mo. 16th Cir. Ct. Apr. 10, 2014).[9]  In that lawsuit, the defendant argued the pro se plaintiff attempted "to bring a claim for malicious prosecution," but "to avoid the two-year statute of limitations . . . Plaintiff improperly label[ed] this malicious prosecution claim as 'fraud' and 'negligence.'"  *Id*. at 2.  The plaintiff did not respond to the defendant's motion to dismiss.  *Id*. at 1.

In its order granting the defendant's motion to dismiss, the court agreed with the defendant, noting the plaintiff "attempts to bring a claim for malicious prosecution."  *Id*. at 3.  Nonetheless, the court examined whether the plaintiff pleaded a fraud claim.  *Id*. at 2-3.  In doing so, the court found the plaintiff failed to plead four elements for a fraud claim.  *Id*.  The court also observed, "The damages that resulted from the alleged misrepresentations could not have consequentially and proximately resulted from Plaintiffs relying and acting upon said misrepresentations; Plaintiff did not falsely arrest herself in reliance upon the allegedly false statements."  *Id*. at 2-3.

The matter before this Court is unlike the case cited by AMK.  First, AMK does not argue Highlands is improperly disguising a claim as a fraudulent misrepresentation claim.  *See* Doc. 10. Second, Highlands's allegations are unlike those made by the pro se plaintiff in the aforementioned case.  Distinctively, the pro se plaintiff alleged the defendants, claiming the plaintiff "stalked and harassed them," obtained orders of protection against the plaintiff; made false statements to the

---

[9] The Judgement and Order Granting Defendants' Motion to Dismiss in *Guglielmino v. Alemifar* is available on LexisNexis.  *See Guglielmino v. Alemifar*, No. 1416-CV02224, 2014 Mo. Cir. LEXIS 290, at 1-5 (16th Cir. Jackson Cnty. Apr. 10, 2014).

7

police and the court; and caused the plaintiff to be falsely arrested. Plaintiff's Petition, *Guglielmino v. Alemifar*, No. 1416-CV02224 (Mo. 16th Cir. Ct. Apr. 10, 2014). Third, *Guglielmino* did not involve a potential agency relationship, whereas the instant case involves a question of fact as to whether Universal acted as an agent of Highlands when relying on AMK's allegedly false representation.

AMK cites no other legal authority to supports its argument that Highlands cannot bring a fraudulent misrepresentation claim. *See* Doc. 10. Highlands contends it may assert a fraudulent misrepresentation claim where Universal was acting as Highlands's agent, Universal heard the false statements, Universal did not know the statements were false, Universal relied on the statements, and as a result, Highlands was injured. Doc. 15 at 3-5. Highlands also cites no legal authority supporting its position. *See id*. But at this stage of the proceedings, a motion to dismiss is not the proper tool for the Court to consider or decide unresolved issues of fact and law.

While Highlands's Complaint does not specifically allege Universal was acting as its agent, the Complaint alleges Universal relied on the statements in question, and Highlands suffered damage by Universal's reliance on the alleged fraudulent statements. Doc. 1 at 7. The Court must read the Complaint as a whole and draw all inferences in the light most favorable to Highlands. *See Braden*, 588 F.3d at 594-95. When applying this standard to the allegations in Highlands's Complaint, the Court finds Highlands sufficiently pleads a fraudulent misrepresentation claim against AMK. Therefore, the Court **DENIES** AMK's motion to dismiss Highlands's fraudulent misrepresentation claim.

B.  **Highlands's Motion to Dismiss**

AMK's counterclaim alleges Highlands breached the parties' agreement by providing a false representation and warranty about the completion of all landlord obligations. Doc. 8 at 9-12.

AMK also contends Highlands breached its implied duties of good faith and fair dealing by failing to comply with agreed upon lease repairs, failing to prepare for closing, attempting to terminate the contract and take possession of the deposit, and refusing to direct Universal to release the deposit to AMK. Doc. 8 at 12. Highlands moves to dismiss AMK's counterclaim of breach of contract on the basis of waiver and AMK's counterclaim of breach of implied duties of good faith and fair dealing on the basis of failure to state a claim. Docs. 12-13.

**(1) Breach of Contract Counterclaim**

Waiver is the "intentional relinquishment of a known right." *Tribus, LLC v. Greater Metro, Inc.*, 589 S.W.3d 679, 696 (Mo. Ct. App. 2019) (citation omitted). The elements of waiver are: "(1) the presence of an existing right, benefit or advantage; (2) knowledge of its existence; and (3) an intent to relinquish it." *Old Navy, LLC v. S. Lakeview Plaza I, LLC*, 673 S.W.3d 122, 130 (Mo. Ct. App. 2023) (citation omitted). An affirmative defense, such as waiver, can provide the basis for dismissal under Rule 12(b)(6) if the affirmative defense is apparent on the face of the pleadings and materials embraced by the pleadings. *See Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 983 (8th Cir. 2008).

In AMK's counterclaim for breach of contract, it avers Highlands represented it would complete all tenant improvements but breached the parties' agreement by providing an untrue representation. Doc. 8 at 9-11. Specifically, AMK avers Highlands represented and warranted that it had completed "any VA tenant improvements that [Highlands], as landlord, is obligated to complete" including "paint and carpeting repairs and replacement." *Id*. at 11. AMK further contends the tenant improvements had not been completed. *Id.*

In its motion to dismiss the counterclaim, Highlands asserts AMK agreed in the first amendment to the contract that "all conditions and precedents to Closing are satisfied." Doc. 13

9

at 1. According to Highlands, AMK waived the allegations it now makes in the counterclaim. AMK opposes Highlands's motion, arguing the affirmative defense of waiver is not apparent on the face of the pleadings or the amendment to the contract, and "[a]t the very least, there is a serious question of fact as to whether AMK . . . knowingly and intentionally waive[d] its rights." Doc. 22 at 2-3. According to AMK, it "did not know" Highlands's representation about compliance was untrue, and as such, AMK could not intentionally waive its right to challenge the alleged misrepresentation. *Id*. at 3.

Based on its review of the pleadings and documents embraced by the pleadings, the Court cannot determine the affirmative defense of waiver is apparent from the face of the pleadings. At a minimum, the pleadings and documents encompassed therein reveal factual disputes that underlie both AMK's counterclaim and Highlands's affirmative defense. It is also unclear whether Highlands accurately represented its fulfillment of obligations under the contract, whether AMK knew about Highlands's misrepresentation, and whether AMK waived its right to challenge any misrepresentation made by Highlands in executing the first amendment to the contract. *See* Docs. 1, 1-6, 1-7, 8. For these reasons, the Court **DENIES** Highlands's motion to dismiss AMK's breach of contract counterclaim.

### (2) Breach of Implied Duties of Good Faith and Fair Dealing Counterclaim

In its motion to dismiss, Highlands contends simply that "AMK fails to state a claim upon which relief may be granted for any other 'bad faith' or violation of the implied covenant of good faith and fair dealing." Doc. 13 at 3. No additional analysis or any authority is provided. In its reply brief, Highlands maintains, for the first time, that waiver applies to AMK's breach of implied

10

duties of good faith and fair dealing counterclaim. Doc. 25 at 5-7.[10] The Court declines to consider new arguments raised for the first time in a reply brief. *See United States v. Wilkens*, 742 F.3d 354, 360 n.2 (8th Cir. 2014). As such, the Court will not consider Highlands's contention that waiver applies to AMK's breach of implied duties counterclaim.

Regardless, the Court finds the affirmative defense of waiver is not apparent. *See supra*, section III(B)(1). For the same reasons above, the Court **DENIES** Highlands's motion to dismiss AMK's counterclaim of breach of implied duties of good faith and fair dealing.

## IV. CONCLUSION

Based on the foregoing discussion, Defendant AMK's motion to dismiss Count III of Plaintiff Highlands's Complaint (Doc. 9) is **DENIED**. Further, Plaintiff Highlands's motion to dismiss Defendant AMK's Counterclaims (Doc. 12) is **DENIED**.

**IT IS SO ORDERED.**

DATE: November 17, 2023          /s/ *W. Brian Gaddy*
                                 W. BRIAN GADDY
                                 UNITED STATES MAGISTRATE JUDGE

---

[10] In its reply, Highlands does not argue AMK failed to state a claim upon which relief may be granted. *See* Doc. 22. Yet, Highlands's sole basis in its motion to dismiss the breach of implied duties counterclaim was AMK's failure to state a claim. *See* Doc. 13 at 3. Because Highlands fails to provide any analysis as to why AMK failed to state a claim upon which relief may be granted with respect to AMK's second counterclaim, the Court does not address this argument. *See United States v. Ceballos*, 116 Fed. Appx. 45, 48 (8th Cir. 2004).